MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

August 11, 2014
Set via email, fax & regular mail to The Law
Department Sent via fax & ECF to the Court

The Honorable Edgardo Ramos
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007

RE: Walker v the City of NY, et al
14-cv-00808

Dear Judge Ramos

  I represent the plaintiff in this action for violation of his civil rights. I request that the Court issue an Order directing the Law Department to fully comply with its obligations under The 1983 Plan and provide the all the police generated reports and documents associated with a matter of this type. I have tried to resolve this informally with my adversary from the Law department Mr. Passasser as required by Rule 37.2 . I think it best to allow him to state his own position, but he claims that he is not in possession of certain property vouchers and other police generated paperwork and has no idea of when he will get them. He may also tell you that production of these items is not yet due since the City interposed an answer on July 25 of this year and the discovery is due 28 days after that. He will probably not tell you that the City's answer was due on April 29, 2014 and I had to send to the City my proposed application to the Court to even get that late answer and deficient discovery . Based upon prior experience with the Law Department I feel the assistance of the Court will be needed. Delay for its own sake is the stock in trade of this law firm.

  By way of background, the plaintiff, aged 22 years, was chaired with marijuana possession in connection with the execution of a search warrant. The matter was dismissed and sealed upon motion of the Richmond County District Attorney. It is interesting to note that the City, in purported compliance with its obligations under The 1983 Plan, did not include a voucher for drugs supposedly recovered or a field test or lab report indicating a finding or a controlled substance. The voucher is described by the NYPD as PD 521 141 also known as a Property Clerk's's Invoice. This type of thing is common with police on Staten Island who seem to feel that the possession of a search warrant entitles them to arrest anyone on the premises regardless whether or not contraband is found. An arrest, whether or not the matter is dismissed

later on, results in overtime compensation for the arresting officer. This is the origin of a phrase which is part of the culture of the NYPD , " Collars for Dollars"

There were several other documents missing from the City's Initial Disclosures including a Search Warrant Pre Execution Plan, designated by the N.Y.P.D. 374-50. This form was present in each and every matter I have litigated where a search warrant was involved. Among other things, it lists the names of all the police involved in the execution of the warrant. I'd also like to note that I have never seen less than eight officers involved in the execution of a search warrant and the City has disclosed the names of only three. I have brought all the foregoing to the attention of my adversary without result. Since all the documents on a drug case are kept in the same place there is no reason for non production other than the delay of the case

It might interest the Court to know that the arresting officer in this case is Daniel Panteleo. You may have heard this name as he is the officer who strangled Eric Gardener to death with a choke hold his own department forbids. This occurred in Staten Island several weeks ago. Defendant Panteleo did this while being recorded on video. This video recorded not only Panteleo's actions but also his " brother officers' doing nothing while Mr. Gardner was dying on the street.

To put it mildly, many police on Staten Island have been playing fast, loose and violently with the public they seem to have forgotten they are sworn to protect. After litigating about 200 of these civil rights matters in the Eastern and Southern Districts of New York since 1997, I have seen no interest by the managers of the New York City Police Department, or anyone employed by the City of New York, in doing anything to stop this.

I have annexed to this letter a list of cases against Staten Island Police Officers litigated in the United States District Courts for the Eastern & Southern Districts of New York. In almost all, the plaintiffs ( defendants in the underlying criminal actions) were persons of color. Almost all occurred in the north shore neighborhood in Stated Island known as Park Hill, Stapleton and Tompkinsville, which is where Eric Gardener was murdered. Almost all involved allegations involving drugs. You will note that settlement amounts on some of there matters are absent. This is because the City has recently stopped publishing those figures on the PACER system in an effort to conceal the activities of its lawless police.

Not included in the annexed list are matters I have handled personally. These include Cummings v the City of New York, 13-cv-640. My client there was arrested on three separate occasions for drug matters all of which were dismissed. He was beaten so badly on the last occasion he required surgery to his hand and knee. The matter settled for $200,000.00. The police in this matter had been sued a total of thirty five time and the city had spent over one million dollars to settle civil rights matters where they were also defendants Pending is the case of Patterson v the City of New York, 14-cv- 5330. My client there, who has no history of violence and who was unarmed, suffered a fractured hand and four broken ribs at the hands of the police when he was arrested.. Pending also is Gillis v the City of New York, 13-cv 6786. My client there suffered a broken arm during his arrest for marijuana and was unarmed when arrested.

Non compliance with its obligations under The 1983 Plan is common when dealing with the Law Department. It might interest the Court to know that the City has been delinquent in its obligations under The 1983 Plan in the following matters where I have represented the plaintiff which were covered by The 1983 Plan. These were Offley v the City of New York, 12-cv- 09446, Sassone v the City of New York 11-cv- 7438 and Brace v the City of New York 12- cv- 6466, and in Lizardo v the City of New York 14-cv-0068 . Judicial intervention, or an application for same was needed in each and every one of these matters to induce the City to comply with its obligations under a Plan to which it is a signatory.

The City has redacted over 50% of the disciplinary history of defendant Daniel Panteleo. The City is able to withhold disciplinary information on its officers when it deems the history is not disclosable under The 1983 Plan. The way in which we know the redactions are appropriate is because someone from the City says so. As set forth above, the Law Department, like its N.Y.P.D. clients, is casual about its obligations. I ask the Court to review Pantelo's history in camera. On every occasion where such an application has been granted the Court has disclosed more material than the City thought it had to. Given that the defendant feels strangling people in public and on video is good police work I feel an additional inquiry is warranted.

Concerning Pantelo's murder of Eric Gardner, were are told by the N.Y.P.D. and its apologists that there is a good reason the police took action against Mr. Gardner, who was charged with nothing more than selling single untaxed cigarettes. The police department and its supporters speak of " broken window" policing. The theory is that even small offenses such as fare beaters, people smoking marijuana, etc. must be aggressively pursued and arrested. If this is not done, they further explain, a general atmosphere of lawlessness prevails and leads to the commission of more serious, violent crimes.

If this in fact true, and former mayor Giuliani and others shared this view, it is a shame that the City did not follow its own philosophy when it came to disciplining its police officers. As set forth in the attachment to this letter, there have been literally dozens of civil rights matters against Staten Island police which involved arrests for drug cases. The "evidence" in these cases were the imaginations of police officers who needed extra income from overtime compensation related to arrests eventually dismissed by the Richmond County District Attorney. Although the City settled these cases, I am not aware of a single instance where a police officer was disciplined for such a matter,. Neither am I aware of any discipline for the more violent cases resulting in serious injuries. Now Eric Gardner is dead, and I believe the reason is that the City's police feel they can do anything they want in the name of "police work", without consequence. Given the foregoing, can the City honestly claim it had no idea what police in Staten Island were doing over the last five or ten years?

Given the foregoing, I must say I am very sad but not surprised about the murder of Mr. Gardner. It is somewhat surprising it took this long to happen.

I thank the Court for its attention and consideration.

MC/ll                                                    Very Truly Yours,

cc: Law Department
    Leona Beane, Esq.

/s/ Signed

Michael Colihan

CIVIL RIGHTS MATTERS WHICH OCCURRED OUT OF INCIDENTS IN RICHMOND COUNTY VENUED IN THE EASTERN & SOUTHERN DISTRICTS OF NEW YORK

Bey v v NYC, et al 09-03595 settled for $10,000.00 .

Strong v NYC et al, 10-01602 settled for $45,000

Brown v NYC et al 11-02277 settled for $50,000.

Stephens v the City of New York, 10-cv-01602 , pending.

George v the City of New York, settled for $230,000.00

Butta v the City of New York settled for $20,00.00

Rhone v the City of New York , 12-cv-00747 , pending.

Goodwin v the City of New York, 04-01482 settlement of $7500.00

In Weston v the City of New York, 06-1513, settled for $17,500.00 .

Nielson v the City of New York, settled for plus $17,000.00 with attorney's fees

Patterson v NYC et al 10-cv-00231 This matter was consolidated with at least one other matter, Lawrence v The City of New York, 11-05066.. I believe this matter has been settled for n undisclosed sum.

Archipoli v the City of New York, 10-1986 settled ; plaintiff William Archipoli received $45,000.00, the infant received $20,000, plaintiff Lawrence Newcombe received $70,000.00 and the estate of another plaintiff received an additional $10,000.00 for a total of $145,000.00

Coleman v the City of New York 11-2574. settled for a sum not disclosed in the court papers.

Rosenblum v the City of New York, 07 cv- 02158. settled for $20,000.00.

O'hagan v the City of New York 09-05597 settled for $75,000.00.

Bennett v The City of New York, 11-1929. settled for $20,000.00

Bunche v the City of New York, 10-cv-5731. settled $45,000.00

Cummings v the City of New York 13-cv-00640 settled for $200,000.00

Morrow v NYC et al 11- 03054

Hewitt v NYC et al 09-00214, 7

Hosang v NYC , et al 12-00751

Tung v NYC, 08-00181,

Green v NYC et al 09-01825,

Whittaker v NYC et al 08-03209

Mangal & Burton v NYC, 07-3777

Knox v NYC et al 00-00027

Kelly v NYC et al al 10-08438 settled for 22,500.00

Davis v The City of New York, at al 10-cv- 01260 settled for $40,000.00.

Stephens v the City of New York 11-cv- 05281, settled for an undisclosed sum

Marrero v the City of New York, 12-cv- 04385 settled for a sum not disclosed in the court documents.

Champagne v the City of New York, 11-cv- 05644 settled for a sum not disclosed in the court papers.

Marsala v the City of New York 11-cv-05612 pending.

Altberg v the City of New York 09-cv-04873 settled..

Humphries v the City of New York 10-cv- 03013, settled for $35,000.00

Davis v the City of New York, 10-cv- 01260 settled for $32,500.00.

Graham v the City of New York, 06-cv- 09437 settled for $20,000,

Stanley v the City of New York 12-cv- 04384, settled for a sum not disclosed in the court documents.

Farley v the City of New York 12-cv- 02901 settled for $11, 350.

Garcia v the City of New York 12-cv- 01707 settled for $22,500.00 .

Mc Crimmon v the City of New York, 11-cv- 03883 settled for $15,000.00,

Marrow v the City of New York 11-cv- 03054 settled for $60,000.00,

Hackshaw v the City of New York, 10-cv- 06005 and Quinones v the City of New York settled for $72,500 10-cv- 01114 and

Doe v Courtien  01- cv- 01655 settled for $40,000.00.

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

212-805-7943

August 11, 2014

TO; The Honorable Edgardo Ramos United States District Judge- Southern District of New York

This document is longer than 5 pages and permission to fax same was received from Mr. Moccia in chambers on August 11, 2014

TO: Daniel Passesser, Esq.

FROM: Michael Colihan, Esq.

RE: Walker v the City of New York 14-cv-00808

Please see the attached which is being sent to the Court after the conversation we had this morning about discovery.

Regards Michael Colihan