

**THE CITY OF NEW YORK**

**ZACHARY W. CARTER**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DANIEL PASSESER**
Assistant Corporation Counsel
phone: (212) 356-2322
fax: (212) 788-9776
email: dpassese@law.nyc.gov

August 12, 2014

BY ECF
Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Rylawn Walker v. City of New York, et al,
              14 CV 808 (ER)

Your Honor:

      I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department representing defendants City of New York and Police Officer Daniel Pantaleo in the above-referenced matter. Defendants write in response to plaintiff's counsel's letter to the Court dated August 11, 2014 (the "August 11th Letter"). (Docket No. 26) For the reasons set forth herein, it is respectfully submitted that the August 11th Letter should be removed from the docket sheet. Alternatively, at least those portions of the August 11, 2014 Letter which do not seek specific relief but instead are nothing more than self-promotion and/or designed to fan the flames of anti-police sentiment in the Staten Island community should be stricken from the docket sheet.

      First, as to the relief sought, plaintiff's counsel requests that the Court "issue an Order directing the Law Department to fully comply with its obligations under The 1983 Plan (the "Plan") and provide the [sic] all the police generated reports and documents associated with a matter of this type." This application is premature and not made in good faith. As the Court is aware, and as plaintiff's counsel acknowledges in the August 11th Letter, the Plan requires defendants to disclose certain NYPD documents within 28 days of filing an answer. Defendants filed an answer on July 25, 2014 and, as such, their limited disclosures are due on August 22, 2014. That defendants filed their answer late is of no moment as plaintiff's remedy would have been to move for a default. Plaintiff's counsel did not do so.

      Plaintiff also argues that certain documents were "missing" from the City's initial disclosures, including a Search Warrant Pre Execution Plan. This document is not one of the

documents enumerated in the Section 1983 Plan, and plaintiff has no grounds to demand it at this time, as discovery is limited to the enumerated documents while the Section 1983 Plan runs its course. That notwithstanding, this office has informed counsel that it will produce the search warrant pre-execution plan as soon as it becomes available, subject to appropriate redactions and applicable privileges.

The only other relief plaintiff requests in the August 11 Letter is that the Court review the disciplinary history of Officer Pantaleo *in camera*. Defendants submit this is unnecessary. The allegations in the second amended complaint, while factually threadbare, are false arrest, intentional and negligent infliction of emotional distress, failure to intervene, and a <u>Monell</u> claim. There are no allegations in the second amended complaint or the amended complaint of excessive force. Moreover, defendants have represented to plaintiff that they redacted all allegations of misconduct other than false arrest and false statements. Plaintiff has no reason to doubt that representation, and defendants represent to the Court that it is accurate. Plaintiff has also not argued that he is entitled to any further discovery. The only basis that counsel puts forward for the necessity of an *in camera* review is the inflammatory, irrelevant, and libelous statement on page three of his letter. Defendants will, however, at the Court's request, produce for an *in camera* inspection the disciplinary file at issue.

The remainder of plaintiff's counsel's six-page screed is nothing more than a thinly-veiled and self-promoting press release. Counsel is well-aware that this case is generating significant media interest; indeed, counsel has represented to the undersigned that he has received multiple requests from the media on this case. He is now seemingly using this purported discovery dispute as an opportunity to advertise his services to the Staten Island community by touting: matters he has personally handled and the amounts for which they have settled—which has *no conceivable relevance* to a motion to compel discovery; his experience handling police cases; his (unsupported) theories as to "collars for dollars;" and his theories as to the lack of oversight of Staten Island police. Most egregiously, the letter goes on a tirade about the death of "Eric Gardner" [sic], which has no bearing on this matter and certainly has no bearing on a motion to compel the production of property vouchers.

In light of the foregoing, defendants request that relief plaintiff seeks in terms of document production be denied as premature and that the August 11th Letter be removed from the docket. Thank you for your consideration in this regard.

    Respectfully submitted,

    /s/

    Daniel Passeser
    Assistant Corporation Counsel

**BY ECF**
Michael Colihan, Esq.
*Attorney for Plaintiff*